STATE, EX REL. BARBER v. HUTCHINSON, JUDGE, ET AL.

[No. 24,747.    Filed December 17, 1924.    Modified January 7, 1925.]

MANDAMUS.—*Where a trial judge arbitrarily refuses to make a record from which party can effectually appeal, the Supreme or Appellate Court will issue a writ of mandate to said judge.*—Under §1244 Burns 1926, §1224 Burns 1914, where the judge of a court arbitrarily refuses to make a record showing the filing or offer to file the various pleadings, motions, affidavits, etc., of a party to the action and arbitrarily refuses to approve bills of exception showing the action of the court and such party's exceptions thereto, thereby depriving such party of his right to appeal, the Supreme or Appellate Court will issue a writ of mandate ordering such judge to perfect and complete the record and to sign and approve bills of exception showing the action of the court and the exceptions thereto.

Original action in the Supreme Court.

Action in the Supreme Court by the State of Indiana on the relation of Edward Barber against Thomas W. Hutchinson, Judge of the Clay Circuit Court, and another, praying the court to issue a writ of mandate to the defendants.    *Writ issued.*

*James P. Stunkard, Victor O'Donnell, Felix Blankenbaker* and *Henry W. Moore,* for petitioner.

This was an original action in the Supreme Court by the state on relation of Edward Barber praying the court to issue a writ of mandate, commanding and directing the defendants, Thomas W. Hutchinson, sole

judge of the Clay Circuit Court, and Charles E. Harris, Clerk of the Clay Circuit Court, to cause to be entered in the order-book of said circuit court all orders and rulings of the court not theretofore entered pertaining to all motions, petitions and papers filed in said circuit court and all exceptions taken to such rulings in the cause of State of Indiana v. Edward Barber, in which the relator was adjudged guilty of the crime of murder, except as to matters and rulings of the court made during the actual progress of the trial.

And that the defendant, Hutchinson, as such judge, be ordered and commanded to do and perform certain acts and to cause his co-defendant, Harris, as clerk of said Clay Circuit Court, to do and perform certain other acts specifically pointed out, whereby a correct record should be made and duly entered in said order-book of all that transpired in the conduct of said cause.

The petition and exhibits thereto attached were submitted to the Chief Justice of the Supreme Court of Indiana, who, after inspection and consideration of said petition, ordered that the defendants be and appear before the Supreme Court on the ——— day of October, 1924, and show cause, if any there be, why they should not be mandated to do and perform the matters and things mentioned in said petition.

It was further ordered that the clerk of the Supreme Court issue notice, together with a copy of the order, to the sheriff of Clay county, who was required to make due return thereon.

Thereafter, on the return day of the order, the parties appeared, evidence was heard, and the court being advised in the matter, issued a peremptory writ of mandate to the defendants as follows:

PER CURIAM.—Come now the parties and evidence is heard, and the court, being advised, now finds for the relator that he is entitled to relief as hereinafter set out.

It is thereupon ADJUDGED, DECREED AND COM-
MANDED that a peremptory WRIT OF MANDAMUS
issue to the defendant, and that as judge of the Clay
Circuit Court, of Clay county, State of Indiana, he be
and hereby is directed, ordered and commanded forth-
with to cause the records of said court relating to the
proceedings in said court on the 5th day of May, 1924,
in cause No. 669 of the causes then pending in said
court, wherein the State of Indiana was plaintiff and
the relator herein, Edward Barber was defendant, to
be so amended and corrected that said record shall be
made to recite that upon the overruling of the motion
for a change of venue from the judge, as filed by said
defendant Barber, the said defendant excepted to such
ruling.

And that forthwith he also, as judge of said Clay
Circuit Court, shall cause the said record of the proceed-
ings in said action in said court on the 15th day of July,
1924, to be so amended and corrected as to recite that
one hundred and ninety (190) days from that date
are allowed in which to present and file all bills of ex-
ceptions.

And that forthwith he also, as such judge, shall cer-
tify and sign each of the bills of exceptions numbered
one (1), two (2), three (3), four (4), and five (5),
respectively, as prepared and presented to him by the
attorneys for said defendant, and shall cause the same
to be filed with the clerk of said Clay Circuit Court.

And that forthwith he also, as such judge, shall cer-
tify and sign a bill of exceptions containing the evi-
dence introduced, and also that which was offered and
excluded at the trial of said action, noting that excep-
tions were taken wherever the official reporter's notes
show that to be the fact, and shall cause to be set out
therein, as part of the evidence given, copies of all ex-
hibits introduced in evidence, and, as part of the evi-

dence excluded, copies of all exhibits offered to be introduced in evidence and excluded, together with a recital of what was said by the attorneys in making offers and objections, and by the court in ruling thereon, as taken down at the time by the official reporter.

And that forthwith, he also, as such judge, shall cause to be entered of record in the order-books of his court entries reciting the action of the court as the same occurred on each day that said cause was pending therein.

And that he cause the clerk of said court to make out and certify a transcript of said record for an appeal to the Supreme Court of Indiana, which it is hereby commanded the said clerk shall do without delay.

And that, as such judge, he receive and act upon the petition of said defendant for leave to appeal to the Supreme Court as a poor person.

### SUPPLEMENTARY ORDER.

PER CURIAM.—The order heretofore entered in this cause on the 17th day of December, 1924, is ordered to be and hereby is modified, and made to provide that only so much of the defendant's Exhibit B, to the introduction of which in evidence an objection was sustained, need be copied into the bill of exceptions containing the evidence as will make apparent the facts that it is a hotel register of the hotel whose name it bears, for what dates it was used as such register, when the pages were used on which the name of Clark Richeson was written therein, and a copy of each of the pages on which the said name of Clark Richeson is shown to have been written. It is further ordered that the copies of certain bills of exceptions numbered, respectively, one (1), two (2), three (3) and four (4), introduced in evidence before this court at the hearing on relator's application for a writ of mandate, may be withdrawn by the respondent, Hon. Thomas W. Hutchinson.